IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 3:11-CR-32 |
| v. | ) |
| | ) (JORDAN/GUYTON) |
| JIMMIE DUANE ROSS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER CONCERNING EXCESS AND INTERIM PAYMENTS

Because of the expected length of trial preparation and of the trial, and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, pursuant to Volume 7 of the Guide to Judiciary Policy (Guide), Part A, § 230.73.10, the following procedures for approval of interim payments shall apply during the course of counsel's representation in this case:

(1) **Submission of Vouchers**

Counsel should submit to the court clerk, once a month, an interim Form CJA 20 voucher, unless the total amount of fees claimed for the month is less than $1,500, in which case no voucher should be filed that month. The first interim voucher submitted should reflect all compensation claimed and reimbursable expenses incurred from the date of appointment to the final day of that month in which the chief judge of the Court of Appeals for the Sixth Circuit approves the request for interim payments. Counsel should complete Item 19 on the form for each interim voucher. Each interim voucher should be assigned a number when processed for payment. All

1

interim vouchers shall be supported by detailed and itemized time and expenses statements. Volume 7A, section 230 of the Guide, outlines the procedures and rules for claims by CJA attorneys and should be followed on each voucher.

The Court will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for eighty (80) percent of the approved number of hours. This compensation will be determined by multiplying eighty (80) percent of the approved number of hours by the applicable rate. The Court will also authorize for payment all reimbursable expenses reasonably incurred.

The approved interim vouchers will then be forwarded to the Court of Appeals for the Sixth Circuit for review and approval. Following approval by the Sixth Circuit, the interim vouchers will be submitted for payment.

At the conclusion of the representation, counsel shall submit a final voucher seeking payment of the twenty (20) percent balance withheld from the earlier interim vouchers, as well as payment for representation provided and expenses incurred during the final interim period. The final voucher should set forth in detail the time and expenses claimed for the **entire case**, including all appropriate documentation. Counsel should reflect all compensation and reimbursement previously received on the appropriate line of the final voucher, as well as the net amount remaining to be paid at the conclusion of the case. After reviewing the final voucher, the Court will submit it to the chief judge of the circuit or her designee for review and approval. Upon approval of the final voucher, the clerk will release the twenty (20) percent balance withheld from the earlier interim vouchers to be included with the final payment.

2

## (2) **Reimbursable Expenses**

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation. While the statute and applicable rules and regulations do not place a monetary limit on the amount of expenses that can be incurred, counsel should incur no single expense item in excess of $300 without prior approval of the Court. Such approval may be sought by filing an *ex parte* application with the clerk stating the nature of the expense, the estimated dollar cost, and the reason the expense is necessary to the representation. Upon finding that the expense is reasonable, the Court will authorize counsel to incur it. Recurring expenses, such as telephone toll calls, photocopying and photographs, which aggregate more than $500 on one or more interim vouchers are not considered single expenses requiring court approval.

With respect to travel outside of the city/county where counsel's practice is located for the purpose of consulting with the client or his or her former counsel, interviewing witnesses, etc., the $300 rule should be applied in the following manner: Travel expenses, such as air fare, mileage, parking fees, meals and lodging, can be claimed as itemized expenses. Therefore, if the reimbursement for expenses relating to a single trip will aggregate an amount in excess of $300, the travel should receive prior approval of the Court.

The following additional guidelines may be helpful to counsel:

(a) Case related travel by privately owned automobile should be claimed at the government mileage rate per mile, plus parking fees, ferry fares, and bridge, road and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expenses basis. Air travel in "first class" is prohibited. Counsel and persons providing services under the CJA are encouraged to contact the clerk for air travel authorization at government rates.

(b) Actual expenses incurred for meals and lodging while traveling

3

outside of the city/county where counsel's practice is located in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing governmental travel regulations. For specific details concerning high cost areas, counsel should consult the clerk.

(c) Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Rule 17 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 1825.

(3) **Further Questions or Guidance**

Answers to questions concerning appointment under the Criminal Justice Act can generally be found in (1) 18 U.S.C. § 3006A; (2) the Plan of the United States District Court for the Eastern District of Tennessee, available through the clerk, and (3) Volume 7A of the Guide, published by the Administrative Office of the U.S. Courts and also available through the clerk. Counsel is also encouraged to consult the Court's website at www.tned.uscourts.gov. Should these references fail to provide the desired clarification or direction, counsel should address his inquiry directly to the Court or the Court's staff.

**IT IS SO ORDERED.**

**ENTER:**

Date: _11-4-11_

UNITED STATES DISTRICT JUDGE

Approved:_____

Alice Moore Batchelder, Chief Judge of the United States Court of Appeals for the Sixth Circuit