IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION


UNITED STATES OF AMERICA            )
                                    )
v.                                  )        No. 3:11-CR-032
                                    )
JIMMIE DUANE ROSS                   )


**MEMORANDUM AND ORDER**


The indictment in this case charges the defendant with five counts of tax evasion. Now before the court is the April 18, 2012 report and recommendation of United States Magistrate Judge H. Bruce Guyton [doc. 112]. Therein, Magistrate Judge Guyton recommends that various *pro se* filings by the defendant, to the extent that those filings could be construed as requests for relief, be denied. The filings at issue appear on the court's docket as documents number 67, 76, 77, 78, 82, 85, 86, 87, 88, 90, 91, 92, 97, 99, 100, 102, 104, and 106.

On May 1, 2012, the defendant filed five documents *pro se*. The court considers each of those filings to be intended as, in whole or in part, opposition to the report and recommendation. The defendant's May 1 *pro se* documents are captioned as follows: "'One supreme Court' Article 3, Objection to Report and Recommendation Document # 112" [doc. 121]; "'One supreme Court' Article 3, Objection to Government Consolidated Response to Jurisdictional and Other Challenges" [doc. 122]; "'One supreme Court' Article 3, Objection to Government Notice of Intention to Offer Records Documents # 66 and # 107"

[doc. 123]; "Rebuttal and Reservation of Rights UCC 1-308 / 1-207" [doc. 124]; and "Certificate of Foreign Status of Nonresident Alien for United States Tax Withholding" [doc. 125].

The district court is both statutorily and constitutionally required to conduct a *de novo* review of a magistrate judge's report and recommendation. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). The district court need not provide *de novo* review where objections to a report and recommendation are frivolous, conclusive, or general. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

The court has read the defendant's May 1, 2012 *pro se* filings and finds that all objections contained therein are frivolous. *De novo* review of the magistrate judge's report and recommendation is thus unnecessary. *See id.*

The defendant's May 1, 2012 *pro se* filings contain nothing more than variations on the "hackneyed tax protester refrain" that the Sixth Circuit Court of Appeals has deemed "completely without merit and patently frivolous." *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (citation omitted); *see also United States v. Bishop*, No. 90-4077, 1991 WL 213755, at *4 (6th Cir. Oct. 23, 1991) ("He alleges that the United States courts have no jurisdiction over federal income tax crimes . . . This argument is frivolous. . . . [The defendant's] argument that he is not a 'person' within the meaning of Title 26 is

likewise frivolous.") (citation omitted).

"The day has long since passed to object to the constitutionality of our system of taxation." *United States v. McMullen*, 755 F.2d 65, 67 (6th Cir. 1984). "As Congress has the power to create the income tax laws and prescribe punishment for breaking them, it has the power to grant jurisdiction to interpret and enforce such laws to the District Courts. [The] argument that [a] District Court lacks subject matter jurisdiction over tax law is silly." *United States v. Keys*, No. 92-3729, 1993 WL 101442, at *1 (6th Cir. Apr. 6, 1993) (citations and quotations omitted). "Sovereign citizen" and "tax protester" issues such as those presented by the defendant have been consistently and summarily rejected by the courts. *See, e.g., United States v. Russell*, 30 F. App'x 348, 351 (6th Cir. 2002) ("patently meritless"); *Everett v. United States*, 10 F. App'x 336, 337-38 (6th Cir. 2001) ("legally frivolous," "meritless," "frivolous contentions"); *United States v. O'Brien*, No. 99-4314, 2000 WL 1175278, at *1 (6th Cir. Aug. 11, 2000) ("frivolous tax protester arguments," "sanctionable"); *United States v. Cooper*, No. 95-5078, 1995 WL 559304, at *2 (Sept. 20, 1995) (assertion that defendant is a state citizen not subject to the federal jurisdiction "is a popular argument among income tax protesters and has been soundly rejected by this court.").

Although *de novo* review of the defendant's frivolous objections is not required, the court has nonetheless read the defendant's various *pro se* filings and has carefully considered Magistrate Judge Guyton's well-reasoned report and recommendation.

The court finds itself in total agreement with the magistrate judge and therefore **ADOPTS**

the findings of fact and conclusions of law set out in the report and recommendation [doc.

112]. It is **ORDERED** that any request for relief (or any "demand" for action by the court)

found in defendant's filings numbered  67, 76, 77, 78, 82, 85, 86, 87, 88, 90, 91, 92, 97, 99,

100, 102, 104 and 106 is **DENIED**.

The court observes that one additional *pro se* filing, submitted on December

16, 2011, and captioned "'One supreme Court' Article 3, Order: Charges dismissed with

prejudice" [doc. 71], was not addressed by the report and recommendation. For the reasons

otherwise stated herein, any request, "demand," or "order" contained in that frivolous filing

[doc. 71] is **DENIED**.

Lastly, the defendant's May 1, 2012 "'One supreme Court' Article 3, Objection

to Report and Recommendation Document # 112" [doc. 121], "'One supreme Court' Article

3, Objection to Government Consolidated Response to Jurisdictional and Other Challenges"

[doc. 122], "'One supreme Court' Article 3, Objection to Government Notice of Intention

to Offer Records Documents # 66 and # 107" [doc. 123], "Rebuttal and Reservation of

Rights UCC 1-308 / 1-207" [doc. 124], and "Certificate of Foreign Status of Nonresident

Alien for United States Tax Withholding" [doc. 125], considering those documents

collectively as objections to the report and recommendation, are **OVERRULED**. To the

extent that documents 123, 124, and 125 could be construed as moving for any other form

of relief, the filings are frivolous and are **DENIED**.

4

**IT IS SO ORDERED.**


ENTER:


<u>            s/ Leon Jordan            </u>
United States District Judge