UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-32 |
| | ) | |
| JIMMIE DUANE ROSS, | ) | (JORDAN/GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court[1] on May 1, 2012, for a scheduled pretrial conference and motion hearing on the Defendant's Motion to Review *Pro Se* Representation [Doc. 116], filed on April 24, 2012. Assistant United States Attorneys Tracy L. Gostyla and Adam Hulbig appeared on behalf of the Government. The Defendant appeared and represented himself with Attorney Robert R. Kurtz acting as elbow counsel.

The Motion to Review *Pro Se* Representation, filed by Attorney Kurtz on behalf of the Defendant, states that

> Mr. Ross spoke with [Mr. Kurtz] late in the afternoon on April 23, 2012. During that conversation, Mr. Ross stated that he no longer wanted to represent himself in this matter. Mr. Ross requested that [Mr. Kurtz] file a motion requesting that he be appointed to represent

---

[1]United States Magistrate Judge C. Clifford Shirley, Jr., conducted this hearing on behalf of United States Magistrate Judge H. Bruce Guyton.

1

Mr. Ross in all further proceedings in this case.

[Doc. 116, p. 3] Mr. Kurtz notes in the motion that if he is reappointed to represent the Defendant, he will request a continuance of the May 21, 2012 trial date and additional time to file pretrial motions. At the hearing, the Court questioned the Defendant, who initially stated that he had not been able "to gain prestige in this Court" and that he felt "forced to allow one of [the Court's] own [attorneys] to handle" the case. The Court explained to the Defendant that no one was forcing him to accept the representation of counsel and that he could continue to represent himself through the remainder of the case. Mr. Kurtz informed the Court that the Defendant had contacted him and told him that the Defendant no longer wanted to represent himself. Mr. Kurtz said that this conversation with the Defendant is what precipitated the filing of the instant motion, which he filed at the Defendant's request. The Court again questioned the Defendant who agreed that he no longer wanted to represent himself and that he wanted Mr. Kurtz to represent him but who reserved his rights on the record.[2] The Government took no position on the Motion to Review *Pro Se* Representation.

   A criminal defendant may represent himself if his decision to do so is voluntary and intelligent. Faretta v. California, 422 U.S. 806, 835 (1975). The right to self-representation and the right to counsel are "two faces of the same coin, in that the waiver of one right constitutes a correlative assertion of the other." United States v. Conder, 423 F.2d 904, 908 (6th Cir. 1970) (quotations and citation omitted). "Thus, when a defendant asserts his right to self-representation,

---

[2]The Court finds the Defendant's many "reservations of his rights" at the hearing, related to his *pro se* motions challenging the Court's jurisdiction, which were the subject of an April 18, 2012 Report and Recommendation [Doc. 112] and which are presently pending before the District Court.

he necessarily waives his right to counsel." United States v. Collins, 129 F. App'x 213, 217 (6th Cir. 2005). In the present case, the Court permitted [Doc. 75] the Defendant to represent himself on January 6, 2012, after finding that the Defendant had made a knowing and voluntary waiver of this right to counsel. The Defendant now seeks, in essence, to flip the coin again and to reassert his right to counsel. The Court finds that the Defendant knowingly and voluntarily seeks to be represented by counsel and to no longer represent himself. Although the Defendant did make statements to the effect that he felt constrained by the circumstances to request counsel because he perceived his self representation as not being effective, the Court finds these statements to be the Defendant's expression of dissatisfaction with the Court's earlier Report and Recommendation on his *pro se* filings, rather than an indication that his request for counsel was not voluntarily made. Instead, the Court finds that the Defendant contacted Mr. Kurtz, told him that he no longer wanted to represent himself, and asked him to file the instant motion to be reappointed. The Defendant acknowledged at the May 1 hearing, that he still wanted Kurtz to represent him and that he no longer wanted to represent himself. Accordingly, the Court finds the Defendant's relinquishment of his right to self-representation is knowing and voluntary.

Mr. Kurtz stated that he was willing to accept representation of the Defendant again. Accordingly, Defendant's Motion to Review *Pro Se* Representation [**Doc. 116**] is **GRANTED**, and the Court **APPOINTS** Mr. Kurtz as the Defendant's counsel of record under the Criminal Justice Act, 18 U.S.C. § 3006A. In so ruling, the Court admonishes the Defendant that he will not be permitted to "'manipulat[e] the mutual exclusivity of the rights to counsel and self-representation,'" Collins, 129 F. App'x at 217 (quoting United States v. Frazier-El, 204 F.3d 553, 559 (4th Cir. 2000)), in order to delay the trial of this case. Instead, the Defendant is encouraged to work with Mr.

3

Kurtz, including promptly delivering a complete copy of the Defendant's file referenced *infra* to Mr. Kurtz, in order to prepare the case for trial.

Following his reappointment, Mr. Kurtz presented the Court with a Motion to Continue [Doc. 127] the May 21, 2012 trial date. In this motion, counsel states that when the Defendant was permitted to represent himself, Mr. Kurtz shipped the Defendant's file, containing approximately 13,000 pages of documents, 48 CD's, and a hard drive with 100 gigabytes of data, to the Defendant in Utah on January 9, 2012. Counsel states that due to the size of the file and the cost of copying it, he did not retain a copy of the entire file. Accordingly, counsel states that he needs time to receive the file and review it, which he cannot do in three weeks. The motion also states that this case involves complex tax issues, a large number of witnesses, allegations of international bank accounts, multiple bank accounts, and tracing money through a series of wire transfers. Thus, counsel asks that the May 21, 2012 trial be continued to give him time to prepare. The Court questioned the Defendant, who agreed with the requested continuance. The parties agreed on a new trial date of September 24, 2012.[3]

The Court finds the motion to continue the May 21, 2012 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the Court notes that it has already declared [Doc. 26] this case to be complex for purposes of the Speedy Trial Act, due to the nature of the charges, the voluminous discovery stemming therefrom, and the potential for this case to

---

[3]The Defendant personally requested a trial date in January 2013, in order to give him time to work to pay off debts. The Court declined to extend the trial beyond the September 24, 2012 date, finding that the Defendant's reason is not a basis for excluding time under the Speedy Trial Act.

4

involve novel questions of fact and law. Thus, this Court has previously found "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

Additionally, defense counsel has just been reappointed to represent the Defendant at trial. Counsel needs time to receive the file previously shipped to the Defendant, to review discovery, to locate and interview witnesses, and to consult with the Defendant regarding trial preparations. The Court finds that all of this could not take place before the May 21, 2012 trial date or in less than five months. Thus, the Court finds that the failure to grant a continuance would deprive defense counsel of time to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

For the foregoing reasons, the Defendant's Motion to Continue [**Doc. 127**] the May 21 trial date is **GRANTED**, and the trial of this matter is reset to **September 24, 2012**. The Court also finds that all the time between the motion hearing on **May 1, 2012**, and the new trial date of **September 24, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(7)(A)-(B). With regard to further scheduling, defense counsel made an oral motion to reopen the motion-filing deadline. The original motion deadline was June 30, 2011, and this deadline was extended numerous times, finally expiring on March 1, 2012. The Defendant, who was representing himself at that time, was expressly instructed [Doc. 101] that this motion deadline was for the filing of all pretrial motions, not just his jurisdictional issues. Accordingly, the Court finds that the Defendant has been given abundant time to file pretrial motions, both while represented by counsel and while representing himself, and the oral motion to reopen the motion deadline is **DENIED**. The parties are to appear before the Court for a final

pretrial conference on **September 4, 2012, at 11:00 a.m.** This date will also be the new deadline for concluding plea negotiations. The Court instructs the parties that all motions *in limine* must be filed no later than **September 10, 2012**. Special requests for jury instructions shall be submitted to the District Court no later than **September 14, 2012**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Review *Pro Se* Representation [**Doc. 116**] is **GRANTED**;

(2) Attorney Robert R. Kurtz is **APPOINTED** to represent the Defendant under the CJA;

(3) The Defendant's Motion to Continue [**Doc. 127**] the trial is also **GRANTED**;

(4) The trial of this matter is reset to commence on **September 24, 2012**, **at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(5) All time between the **May 1, 2012** motion hearing and the new trial date of **September 24, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) The Defendant's oral request to reopen the motion-filing deadline is **DENIED**;

(7) The parties are to appear before the Court on **September 4, 2012**, **at 11:00 a.m.**, for the final pretrial conference. This date shall also be the new deadline for concluding plea negotiations;

(8) Motions *in limine* must be filed no later than **September 10, 2012**; and

6

(9)  Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **September 14, 2012**.

**IT IS SO ORDERED.**

ENTER:


   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge