IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:11-CR-032 |
| ) | |
| JIMMIE DUANE ROSS ) | |

**MEMORANDUM AND ORDER**

The indictment in this case charges the defendant with five counts of tax evasion. He is accused of, *inter alia*, using entities that he created or controlled (Global Matrix, LLC and Pelican Financial Corporation) to evade payment of income tax.

Since he was indicted, the defendant has consistently filed "notices" and "orders" proclaiming that he is not subject to the jurisdiction of either this "district court of the united States" [sic] or the "corporate United States" itself, which he deems a "fictitious foreign state." *See, e.g.*, docs. 102, 111. Instead, according to the defendant, he is a "[s]overeign, non-corporate, spirit filled man sojourning on the domain of Elohim, His Creation" subject only to "Celestial Kingdom jurisdiction pursuant to the source of the highest universal laws: the Bible, Book of Mormon, United States Constitution, Declaration of Independence 1776 and Magna Carta 1215/1225." *See, e.g., id.* Throughout, the defendant's filings have parroted what the appellate courts have for decades referred to as the "hackneyed tax protester refrain." *See, e.g., United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (quoting *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990)); *see*

*also United States v. O'Brien*, No. 99-4314, 2000 WL 1175278, at *1 (6th Cir. Aug. 11, 2000) (noting O'Brien's "frivolous tax protester arguments"); *United States v. Cooper*, No. 95-5078, 1995 WL 559304, at *2 (6th Cir. Sept. 20, 1995) (Cooper presented "a popular argument among income tax protesters [that] has been soundly rejected by this court.")

Now pending in this case is the defendant's motion in limine. [Doc. 136, ex. 9]. Therein, the defendant asks the court to prohibit the government from doing any of the following at trial, either through witnesses or through counsel:

> 1. Characterizing the defendant's businesses and bank accounts as being, or as appearing to be, "shams" or "abusive."
>
> 2. Characterizing the defendant as being, or as appearing to be, a "tax protester."
>
> 3. Characterizing the defendant's communications to governmental agencies as being, or as being similar to, "protest correspondence" or "'tax protest' literature."
>
> 4. "[E]xpressing [lay] opinions about the common tactics or methods used by 'tax protesters' in seeking to evade payment and assessment of taxes."

In support of his motion, the defendant raises a number of evidentiary and constitutional concerns, most of which are unaccompanied by any developed argumentation whatsoever. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

2

For the defendant to be found guilty of tax evasion, the government must prove three elements by a preponderance of the evidence: "(1) a tax deficiency, (2) willfulness, and (3) an affirmative act of evasion or attempted evasion." *See United States v. Cor-Bon Custom Bullet Co.*, 287 F.3d 576, 579 (6th Cir. 2002). It is apparent that the defendant's willfulness will be a central issue at trial.

The court deems all of the defendant's undeveloped constitutional arguments waived. Even if the arguments were not waived, they would be rejected. The defendant will not be on trial for the content of his speech, nor for his purported religious beliefs. He will be on trial for the alleged conduct of tax evasion. "The First Amendment protects the [defendant's] right to express beliefs and opinions; it does not give him the right to hide those beliefs and opinions from a jury properly concerned with his motivations for failing to file." *United States v. Turano*, 802 F.2d 10, 12 (1st Cir. 1986).

Turning to the evidentiary objections, the defendant's actions consistent with the "tax protester" movement are relevant on the issue of willfulness, and the probative value of such evidence is not substantially outweighed by the danger of unfair prejudice. *See United States v. Grosshans*, 821 F.2d 1247, 1253 (6th Cir. 1987) (evidence of defendant's "tax protester" activities was relevant as to willfulness); *accord United States v. Bergman*, 813 F.2d 1027, 1029 (9th Cir. 1987) ("The term 'tax protester' accurately characterizes Bergman's activities. . . . References to Bergman's 'tax protest' activities were also probative of his willfulness in violating the tax laws."); *Turano*, 802 F.2d at 12 ("What

appellant said and did at meetings held to encourage other people not to file federal income tax returns is useful evidence for a jury charged with evaluating his state of mind when not filing his own returns."); *United States v. Reed*, 670 F.2d 622, 623 (5th Cir. 1982) ("Evidence of a person's philosophy, motivation and activities as a tax protester is relevant and material to the issue of intent.")

Further, if characterizations such as "tax protester," "sham," or "abusive" can be reasonably inferred from the evidence, it will be permissible for the prosecution to employ those terms. *See United States v. Konicov*, 49 F. App'x 607, 609 (6th Cir. 2002) (Terms such as "tax cheat" and "con man," while unflattering, were supported by the proof, and thus the government was correctly "given leeway to argue reasonable inferences from the evidence."); *accord Bergman*, 813 F.2d at 1029 ("[W]e agree with other courts that have found the term 'tax protester' a permissible shorthand reference to such activities."); *Turano*, 802 F.2d at 12 ("The use of the term 'tax protester' is a permissible shorthand way for a judge to refer to such activities and highlight their relevance.").

Lastly, the court rejects the defendant's contention that the prosecution cannot offer lay testimony regarding "the common tactics or methods used by 'tax protesters.'" Subject of course to the requirements of relevancy and foundation, lay witnesses regularly testify as to matters within their personal or professional experience. *United States v. Wright*, 16 F.3d 1429, 1439-40 (6th Cir. 1994).

For these reasons, the defendant's motion in limine [doc. 136, ex. 9] is **DENIED**.[1]

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

---

[1] It is noted that the defendant never properly filed his motion in limine. On July 4, 2012, the defendant moved for permission to file seven untimely motions. [Doc. 136]. Those seven proposed motions were attached as exhibits to the motion for leave to file out of time, as was the instant motion in limine. The defendant's motion for leave to file out of time was denied [docs. 140, 145] except as to the motion in limine because the motion in limine deadline had not yet passed. The defendant was expressly instructed, "[T]he motion in limine is not untimely. No leave of Court is required to file it, and therefore, it may be filed." [Doc. 140]. Despite those instructions, the defendant never took the additional step of formally filing the motion. The court construes that as an oversight or procedural misunderstanding. The court presumes that the defendant does in fact want his motion in limine to be addressed, and the court has done so.