IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-032 |
| | ) | |
| JIMMIE DUANE ROSS | ) | |

**MEMORANDUM OPINION**

This case is set for trial on September 24, 2012. Pending before the court are five motions in limine. One motion is brought by the government [doc. 154], and the other four by the defense [docs. 161-164]. The government has responded in opposition to the defendant's filings [doc. 167]. The defendant has filed a "Notice of No Response to Government's Motion in Limine" [doc. 168]. For the reasons that follow, the government's motion will be granted in part and denied in part. Each of the defense motions will be denied.

I.

*Issues Presented*

The *defendant*'s motions ask the court to exclude at trial all evidence of, and reference to, the following:

1. Communications between the defendant and the Church of Jesus Christ of Latter Day Saints regarding his obligation to pay federal income tax.

2. Commission income earned by the defendant from the "Mortgage Alternatives Mortgage Discharge Program" ("MAMDP").

3. The defendant's pre-1999 federal tax returns and earnings records.

4. The "Handbook for Special Agents" seized from the defendant's home.

5. Handgun carry permits seized from the defendant's home.

6. A passport application seized from the defendant's home.

The *government*'s motion argues that the defense should be prevented from offering any evidence, argumentation, or questioning regarding the following:

1. The defendant's interpretations of federal tax laws, including his assertion that the laws are unconstitutional or invalid.

2. The defendant's alleged belief that this court has no jurisdiction over him.

3. The defendant's alleged belief that he is not a "person," "individual," or "citizen" subject to federal taxation.

4. The defendant's alleged belief that he is a "sovereign citizen" exempt from federal taxation.

5. The 2008 foreclosure of the defendant's Sevier County home, and the death of his former wife.

In addition, "the government requests that Defendant be reminded that should he behave in an unruly fashion during trial, he may be expelled from the courtroom until such time as he agrees to conduct himself in an appropriate manner."

II.

*Relevant Evidentiary Authority*

The indictment in this case charges the defendant with five counts of tax evasion. For the defendant to be found guilty, the government must prove three elements by

a preponderance of the evidence: "(1) a tax deficiency, (2) willfulness, and (3) an affirmative act of evasion or attempted evasion." *See United States v. Cor-Bon Custom Bullet Co.*, 287 F.3d 576, 579 (6th Cir. 2002). It is apparent that the defendant's willfulness will be a central issue at trial, and the defendant will presumably raise a "good faith" defense to the alleged willfulness.

It is important to distinguish what is, and what is not, relevant to a good faith defense. A defendant's claim that the income tax laws are unconstitutional or generally invalid is irrelevant to a claim of good faith. *See United States v. Cheek*, 498 U.S. 192, 206 (1991). A defendant's mere disagreement with known tax laws is similarly irrelevant. *See id.* at 204.

The pertinent issue is instead whether a defendant believed in good faith that the tax laws did not apply *to him*. Evidence offered by a defendant regarding his actual reliance on materials leading to that belief may be considered by a jury in resolving the willfulness / good faith question. *See id.* at 206-07. Conversely, a jury may also consider "any admissible evidence from any source" presented *by the government* regarding a defendant's awareness "of his duty to file a return . . . , including evidence showing his awareness of the relevant provisions of the Code or regulations, of court decisions rejecting his interpretation of the tax law, of authoritative rulings of the Internal Revenue Service, or of any contents of the personal income tax return forms and accompanying instructions . . . ." *Id.* at 202.

With this authority in mind, the court now turns to the evidentiary issues raised by the parties.

III.

*The Government's Motion*

A. Foreclosure

The government's motion will be granted as to the foreclosure of defendant's Sevier County home and the death of his wife. Those events are wholly irrelevant to the defendant's federal income tax obligations or any purported good faith belief regarding those obligations. Further, these events occurred in late 2008. The defendant is on trial for alleged tax evasion in the calendar years 2000 through 2007. No argumentation, evidence, or questioning regarding these events will be permitted at trial.

B. Defendant's Beliefs

The government's remaining evidentiary concerns are only partially well-taken. As noted above, the prosecution asks for the exclusion of all evidence, argumentation, and questioning regarding: the defendant's interpretations of federal tax law; his views regarding this court's jurisdiction; and his views as to whether he is a "person," "individual," "citizen," or "sovereign citizen" subject to federal taxation.

Prior rulings of this court have made clear that the views espoused by the defendant are frivolous in their entirety. *See, e.g.*, doc. 128. "The authority to tax has always been an inherent power given to Congress . . . , and with that authority must also go the

power to enforce the collection of such taxes. . . . The day has long since passed to object to the constitutionality of our system of taxation." *United States v. McMullen*, 755 F.2d 65, 67 (6th Cir. 1984) (citations omitted). The defendant stands accused of violating 26 U.S.C. § 7201, and this court has jurisdiction to try a defendant accused of violating that law. *See* 18 U.S.C. § 3231. The defendant's assertions regarding his personhood, citizenship, and sovereignty are "completely without merit and patently frivolous." *See, e.g., United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994).

It is this court - not the defendant - which has the duty and the authority to instruct the jury as to the relevant law. Therefore, the defendant is prohibited from presenting any *argumentation* whatsoever, and from *questioning* any witness, regarding his alleged interpretations of the law; his allegations regarding this court's jurisdiction; and his alleged views as to whether he is a "person," "individual," "citizen," or "sovereign citizen" subject to federal taxation.

However, as cited above, the defendant is entitled to put on proof of *his actual reliance* on materials leading to a good faith belief that the tax laws did not apply to him. Presumably, those materials may touch on some or all of the defendant's frivolous views. <u>Solely in that context</u>, these challenged issues (frivolous or not) may be considered by the jury, but solely in regards to the questions of willfulness and good faith. *See Cheek*, 498 U.S. at 206-07.

Of course, as requested by the prosecution, a curative instruction from the court would then be appropriate, reminding the jurors that such materials are relevant only to the defendant's state of mind and that they have no bearing on the requirements of the law. Further, it will be within the court's discretion at trial whether any such reliance materials will be admitted into evidence or whether, instead, the defendant will be permitted only to read relevant excerpts. *See United States v. Nash*, 175 F.3d 429 (6th Cir. 1999); *United States v. Gaumer*, 972 F.2d 723 (6th Cir. 1992).

### C. Courtroom Decorum

Lastly, as previously noted, "the government requests that Defendant be reminded that should he behave in an unruly fashion during trial, he may be expelled from the courtroom until such time as he agrees to conduct himself in an appropriate manner." The defendant is presently represented by an attorney, but the record now strongly suggests that the defendant again intends (for the third time) to fire counsel and represent himself at his September 24 trial. That issue will be heard by United States Magistrate Judge H. Bruce Guyton on September 21, 2012.

This court fully anticipates that the defendant will conduct himself civilly and respectfully during every moment of his trial (with or without legal representation), and that he will obey every instruction of the court. Nonetheless, in light of the defiant tone seen throughout the defendant's *pro se* filings, the undersigned concludes that the government's requested reminder is in order.

The defendant is therefore instructed that his Sixth Amendment right to be present at his own trial is not limitless. *See Illinois v. Allen*, 397 U.S. 337, 343 (1970).

> It is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country. The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated. We believe trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case. No one formula for maintaining the appropriate courtroom atmosphere will be best in all situations. We think there are at least three constitutionally permissible ways for a trial judge to handle an obstreperous defendant . . . : (1) bind and gag him, thereby keeping him present; (2) cite him for contempt; (3) take him out of the courtroom until he promises to conduct himself properly.

*Id.* at 343-44; *accord United States v. Konicov*, 49 F. App'x 607, 608-09 (6th Cir. 2002) (same). In addition, defiance of this court's orders during trial will likely constitute grounds for immediate revocation of the defendant's pretrial release.

IV.

*Defendant's Motions*

A. <u>Church of Jesus Christ of Latter Day Saints</u>

The government intends to introduce evidence that various church officials reminded the defendant of his duty to pay income tax. The defendant argues that such evidence is irrelevant because church officials have no authority to interpret tax law. The defendant further argues that this evidence would be unfairly prejudicial and misleading in that the jury might attach undue weight to the disregard of church authority. Lastly, the defendant argues that the evidence is unduly cumulative, in that the tax laws and IRS

7

communications "are theoretically sufficient to prove that Mr. Ross was aware of his obligation to pay federal income tax."

The court disagrees. If the defendant raises a good faith defense, the church communications become relevant and are not needlessly cumulative. Again, in response to the assertion of a good faith defense, the jury may consider "any admissible evidence from any source" presented by the government regarding a defendant's awareness "of his duty to file a return." *Cheek*, 498 U.S. at 202. Any theoretical prejudice that could result from the defendant's disagreement with his church would not substantially outweigh the relevance of the evidence under Federal Rule of Evidence 403. The defendant's motion in limine [doc. 161] will be denied.

B. <u>Mortgage Alternatives Mortgage Discharge Program</u>

The defendant argues that evidence of his work for MAMDP should be excluded as irrelevant, unfairly prejudicial, misleading, and cumulative regarding the indictment's allegation that he evaded taxes by fraudulently creating a mortgage in favor of Pelican Financial Corporation. In response, the government states that it does not intend to offer MAMDP evidence in order to prove that a fraudulent mortgage was created. Instead, the government intends to offer evidence of the defendant's MAMDP commission income to show that he had earnings in 2004. The defendant is charged with evading income tax for years including 2004. As discussed, one element that the government must prove is a tax deficiency. Proof of income is thus necessary and relevant. The defendant's motion in

8

limine [doc. 162] will be denied.

## C. Earnings Records and Tax Returns

The defendant is charged with tax evasion beginning in tax year 1999. He moves to exclude "certain documents containing earnings records and tax information pertaining to tax years prior to 1999." The defendant contends that pre-1999 documentation is irrelevant to the time period charged in the indictment. He further argues that he would be unfairly prejudiced if the jury knew "details of Mr. Ross's income and tax payments for years outside the scope of the Indictment."

The defendant makes no effort to explain or develop his prejudice argument, and that argument is thus waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). As to relevance, the government counters that proof of pre-1999 tax returns are material to the willfulness / good faith issue of whether the defendant was aware of tax obligations but simply chose not to comply with them. The government is correct. "A defendant's prior taxpaying history is competent evidence to establish 'willfulness.'" *United States v. Grumka*, 728 F.2d 794, 797 (6th Cir. 1984). Again, if the defendant relies on a good faith defense, then the jury may consider "any admissible evidence from any source" presented by the government regarding his awareness "of his duty to file a return." *Cheek*, 498 U.S. at 202. The defendant's motion in limine [doc. 163] will be denied.

D. Seized Items

Lastly, the defendant asks the court to bar reference to the following items seized from his home: a "Handbook for Special Agents"; a handgun carry permit; a blank handgun carry permit application; and his passport application. The defendant deems these items irrelevant to the charged crimes of tax evasion. He further contends that the items would be unduly prejudicial because they would suggest that he was armed, potentially dangerous, and a flight risk.

Regarding the Handbook for Special Agents, the government responds that the text of this book includes the statutory language of various tax crimes including tax evasion. Pertinent portions of the book are therefore relevant to the issue of willfulness. *See Cheek*, 498 U.S. at 202.

As to the remaining items, the government explains that it intends to introduce correspondence sent by the defendant to the IRS, through which he purported to renounce his United States citizenship in an effort to avoid taxation.[1] According to the government, however, the defendant swore on his passport application that he is in fact a United States citizen. The handgun application, according to the government, contains the defendant's averment that he had not renounced his citizenship. The government argues that these inconsistencies are relevant to the prosecution's theory that the defendant's good faith

---

[1] Such representations would be consistent with the position taken by the defendant *pro se* in this court. As recently as August 30, 2012, the defendant filed a document claiming that he is not a United States citizen. [Doc. 150, p.9].

representations are not genuine. The government is again correct. *See Cheek*, 498 U.S. at 202.

V.

*Conclusion*

An order consistent with this opinion will be entered. If the defendant decides not to contest the issue of willfulness or pursue a good faith defense, he will be free to renew motions in limine numbered 161, 163, and 164 at trial.

ENTER:

s/ Leon Jordan<br>United States District Judge